# Exhibit 6

**(Michigan Securities Bureau/Woodbridge Notice and Order To Cease and Desist dtd August 8, 2017)**

**(Michigan Securities Bureau/Woodbridge Notice and Order To Cease and Desist dtd August 8, 2017)**

# Exhibit 6

STATE OF MICHIGAN
DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
CORPORATIONS, SECURITIES & COMMERCIAL LICENSING BUREAU

In the Matter of:                                                    Complaint No. 332976

WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC
Unregistered

                Respondent.
_____/

Issued and entered
This 8th day of August, 2017

## NOTICE AND ORDER TO CEASE AND DESIST

Julia Dale, the Director ("Administrator") of the Corporations, Securities & Commercial Licensing Bureau ("the Bureau"), pursuant to her statutory authority and responsibility to administer and enforce the Michigan Uniform Securities Act (2002), 2008 PA 551, as amended, MCL 451.2101 *et seq* ("Securities Act"), hereby orders Woodbridge Mortgage Investment Fund 2, LLC ("Respondent") to cease and desist from offering or selling unregistered securities, and to cease and desist from omitting to state material facts necessary to make other statements made, in light of the circumstances under which they were made, not misleading, contrary to the Securities Act. Respondent is also notified of the opportunity to request a hearing in this matter.

## I. BACKGROUND

**A.    The Respondent**

1. Woodbridge Mortgage Investment Fund 2, LLC is a Delaware-organized limited liability company that was formed in or around 2013. Respondent has not filed a certificate of authority to do business in Michigan, holds no registrations pursuant to the Securities Act in Michigan, and has not registered any securities products pursuant to the Securities Act in Michigan.

B. **Findings of Fact**

1. The Bureau received information that Respondent may be offering and selling securities in the State of Michigan, and initiated an investigation to review Respondent's activities under the Securities Act.

2. The investigation developed evidence that Respondent offered and sold "First Position Commercial Mortgages" (hereafter "notes") in Michigan that fell within the definition of "security"; approximately 230 investors invested more than $14,000,000.00 with Respondent and its affiliated companies. The notes were not federally covered, exempt from registration, or registered. (Exhibit 1 – Sample Note).

3. The investigation developed evidence that Respondent described the securities it issued as being "safer" than other securities and as having "higher yields and lower risk" than other investments; however, Respondent failed to provide relevant financial information to demonstrate its ability to pay returns promised by its advertisements. (Exhibit 2 – Respondent Website Printouts).

4. Respondent identified its securities as being "safer" than other securities and as having "higher yields and lower risk" than other investments; however, Respondent failed to inform investors of various cease and desist orders to which it or its affiliate was subject from the Commonwealth of Massachusetts (Exhibit 3 – Massachusetts Consent Order), State of Texas (Exhibit 4 – Texas Order), and State of Arizona (Exhibit 5 – Arizona Cease and Desist Order).

## II. RELEVANT STATUTORY PROVISIONS

1. Section 102c(c) of the Securities Act, MCL 451.2102c(c) defines "Security", in part, as:

   a note[1]; stock; treasury stock; security future; bond; debenture; evidence of indebtedness; certificate of interest or participation in a profit-sharing agreement; collateral trust certificate; preorganization certificate or

---

[1] A promissory note is presumed to be a security under the "Family Resemblance Test" adopted by the Supreme Court in *Reves v Ernst & Young*, 494 US 56, 64-67 (1990) (Attachment 6 – Reves v Ernst & Young). The presumption may be rebutted by analyzing four factors to determine if the notes have non-security characteristics. Those factors as applied here support the fact that the notes are securities: (1) The notes were sold to multiple purchasers across the country with the intent that they act as a safe and high-yield investment for the note purchasers; (2) the plan of distribution of the instrument was broadly spread across not just Michigan, but across the country; (3) the investors would reasonably expect the notes to be securities, as the notes were described as investments that would produce high yields with little risk; (4) no other regulatory scheme exists to provide a safeguard for investors in these notes, though they are purportedly secured. Id. Weighing all the factors, the notes fall within the definition of "security" under the Securities Act.

      subscription; transferable share; investment contract; voting trust certificate; certificate of deposit for a security; fractional undivided interest in oil, gas, or other mineral rights; put, call, straddle, option, or privilege on a security, certificate of deposit, or group or index of securities, including an interest in or based on the value of that put, call, straddle, option, or privilege on that security, certificate of deposit, or group or index of securities, put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, an investment in a viatical or life settlement agreement; or, in general, an interest or instrument commonly known as a "security"; or a certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing...

2.    Section 301 of the Securities Act, MCL 451.2301, states:

      A person shall not offer or sell a security in this state unless 1 or more of the following are met:

         (a) The security is a federal covered security.
         (b) The security, transaction, or offer is exempted from registration under section 201 to 203.
         (c) The security is registered under this act.

3.    Section 501 of the Securities Act, MCL 451.2501, states:

      It is unlawful for a person, in connection with the offer, sale, or purchase of a security or the organization or operation of a Michigan investment market under article 4A, to directly or indirectly do any of the following:...

         (b) Make an untrue statement of a material[2] fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading...

4.    Section 503(1) of the Securities Act, MCL 451.2503(1), states:

      In a civil action or administrative proceeding under this act, a person claiming an exemption, exception, preemption, or exclusion has the burden to prove the applicability of the exemption, exception, preemption, or exclusions.

---

[2 A "material" fact is one that a reasonable investor might consider important to his or her investment decision. *People v Cook*, 89 Mich App 72 (1979).]

**Notice & Order to Cease & Desist**
**Woodbridge Mortgage Investment Fund 2, LLC (CN 332976)**

### III.  CONCLUSIONS OF LAW

1. Respondent Woodbridge Mortgage Investment Fund 2, LLC offered and sold note securities labeled as "First Position Commercial Mortgages" in Michigan which were not federally covered, exempt from registration, or registered, in violation of section 301 of the Securities Act, MCL 451.2301.

2. Respondent Woodbridge Mortgage Investment Fund 2, LLC omitted material information in connection with the offer and sale of securities when it advertised the notes as being "safer" and offering "higher yields and lower risks" than other investments, but failed to disclose relevant financial information to demonstrate to investors that the issuer had the ability to pay the promised return. A reasonable investor may have considered the issuer's financial information important to his or her investment decision, meaning that the omission was material. The material information was necessary to make the statements made regarding the safety and higher yield nature of the investments not misleading, but was omitted, contrary to section 501 of the Securities Act, MCL 451.2501.

3. Respondent Woodbridge Mortgage Investment Fund 2, LLC omitted material information in connection with the offer and sale of securities when it advertised the various positive aspects of the investments, such as the statements regarding their safety and high yields, but failed to disclose to investors that Respondent had been ordered by multiple jurisdictions to cease and desist from offering the notes for sale. A reasonable investor may have considered the cease and desist orders issued by Massachusetts, Texas, and Arizona important to his or her investment decision, meaning that the omission was material. The material information was necessary to make the positive statements about the investments not misleading, but was omitted, contrary to section 501 of the Securities Act, MCL 451.2501.

### IV.  ORDER

IT IS THEREFORE ORDERED, pursuant to section 604 of the Securities Act, MCL 451.2604, that:

A. Respondent shall immediately CEASE AND DESIST from offering or selling unregistered securities and from omitting material information in connection with the offer and sale of securities, contrary to the Securities Act.

B. Pursuant to section 604(2) of the Securities Act, this Notice and Order to Cease and Desist is IMMEDIATELY EFFECTIVE.

C. In her Final Order, the Administrator, under section 604(4) of the Securities Act, MCL 451.2604(4), intends to impose a civil fine of $500,000.00 against Respondent.

D. Pursuant to section 508 of the Securities Act, MCL 451.2508, a person that willfully violates the Securities Act, or an order issued under the Securities Act, is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $500,000.00 for each violation, or both. An individual convicted of violating a rule or order under this act may be fined, but shall not be imprisoned, if the individual did not have knowledge of the rule or order.

## V. NOTICE OF OPPORTUNITY FOR HEARING

Section 604 of the Securities Act, MCL 451.2604, provides that Respondent has 30 days beginning with the first day after the date of service of this Notice and Order to Cease and Desist to submit a written request to the Administrator asking that this matter be scheduled for a hearing. If the Administrator receives a written request in a timely manner, the Administrator shall schedule a hearing within 15 days after receipt of the request. The written request for a hearing must be addressed to:

>Corporations, Securities & Commercial Licensing Bureau
>Regulatory Compliance Division
>P.O. Box 30018
>Lansing, MI 48909

## VI. ORDER FINAL ABSENT HEARING REQUEST

A. Under section 604 of the Securities Act, MCL 451.2604, the Respondent's failure to submit a written request for a hearing to the Administrator within 30 days after the service date of this **NOTICE AND ORDER TO CEASE AND DESIST** shall result in this order becoming a **FINAL ORDER** by operation of law. The **FINAL ORDER** includes the imposition of the fines cited described in section IV.C., and the fine amounts set forth below will become due and payable to the Administrator within sixty (60) days after the date this order becomes final:

>$500,000.00 – Woodbridge Mortgage Investment Fund 2, LLC, under section 604 of the Securities Act, MCL 451.2604.

B. CIVIL FINE payments should be payable to the STATE OF MICHIGAN and contain identifying information (e.g., names and complaint numbers) and mailed to the following address:
>Corporations, Securities & Commercial Licensing Bureau
>Final Order Monitoring
>P.O. Box 30018
>Lansing, MI 48909

C. Failure to comply with the terms of this Order within the time frames specified may result in additional administrative penalties, including the summary suspension or continued suspension of all registrations held by Respondent under the Securities Act, the denial of any registration renewal, and/or the denial of any future applications for registration, until full compliance is made. Respondent may voluntarily surrender or withdraw a registration under the Securities Act; however, the surrender or withdrawal will not negate the summary suspension or continued suspension of the relevant registrations or any additional administrative proceedings if a violation of this Order or the Securities Act occurred.

D. Failure to pay the civil fines within six (6) months after this Order becomes final may result in the referral of the civil fines to the Michigan Department of Treasury for collection action against Respondents.

CORPORATIONS, SECURITIES & COMMERCIAL LICENSING BUREAU

_____          8/8/17
Julia Dale, Director, Corporations, Securities      Date
& Commercial Licensing Bureau